UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC. d/b/a SCHNEIDER TRANSPORTATION MANAGEMENT, as assignee and subrogee of Best Buy Warehousing Logistics Inc. and SCHNEIDER NATIONAL CARRIERS, INC., IN ITS INDIVIDUAL CAPACITY,<br><br>Plaintiffs,<br><br>v.<br><br>BALDEV TRANSPORT INC.,<br><br>Defendant. | Case No. 1:25-cv-00277-KES-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 11)<br><br>**FOURTEEN-DAY DEADLINE** |

Currently pending before the Court is a motion for default judgment against Baldev Transport Inc. ("Baldev") filed by Plaintiff Schneider National Carriers, Inc. on July 7, 2025. (Doc. 11.) The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Baldev did not file a timely opposition to the motion. L.R. 230(c). The matter is deemed submitted. L.R. 230(g).

Having considered the motion and the record in this action, the Court will recommend the motion for default judgment be granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Schneider National Carriers, Inc. ("SNC") is a domestic corporation authorized by the

1

Federal Motor Carrier Safety Administration ("FMCSA") to arrange for the transportation of freight by motor carrier in interstate and foreign commerce, and it did so through Schneider Transportation Management ("STM"), an unincorporated division of SNC.  (Doc. 1, Complaint ¶ 1.)  Baldev is a California General Stock Corporation and federally authorized motor carrier providing transportation services in interstate and intrastate commerce throughout the United States.  (*Id.* ¶ 2.)

On December 2, 2021, SNC entered into a Master Transportation Agreement ("Agreement") with Baldev for the purpose of Baldev providing transportation and related services for SNC and its customers.  Pursuant to the Agreement, Baldev agreed to assume the liability of a motor carrier under the Carmack Amendment (codified at 49 U.S.C. § 14706) for loss, delay, theft (whether internal or external), misappropriation, damage to or destruction of any and all goods or property tendered to it pursuant to the Agreement from the time the shipment is tendered until delivery.  Baldev also agreed to maintain All Risk Broad Form Motor Truck Cargo Legal liability insurance for the purpose of covering losses.  (*Id.* ¶¶ 8-10.)

SNC d/b/a STM, in its capacity as a freight broker on behalf of its customer, Best Buy Warehousing Logistics Inc. ("Best Buy"), tendered to Baldev a shipment of Ninja Woodfire Electric Outdoor Grills for transportation in intrastate commerce with a scheduled pickup on March 8, 2023, in Chino, California ("the Shipment").  (Compl. ¶ 12.)  The Shipment was to be delivered to Best Buy Corp. in Dinuba, California on March 9, 2023.  (*Id.* ¶ 13.)  The Shipment contained 311 packages of Ninja Woodfire Electric Outdoor Grills.  At the time the Shipment was tendered to and received by Baldev, it was in good order and condition.  (*Id.* ¶¶ 14-15.)  On or about March 9, 2023, the Shipment was delivered to the consignee with a shortage of 200 cartons, as the bill of lading had been altered to reflect that only 111 cartons had been originally loaded.  (*Id.* ¶ 16.)

Best Buy timely filed a claim with SNC d/b/a STM pursuant to 49 C.F.R. § 370.3(b) for payment of the actual value of the cargo loss, which Best Buy claimed was $56,980.00.  SNC d/b/a STM also timely filed a claim with Baldev pursuant to 49 C.F.R. Section 370.3(b) for payment of the actual value of the cargo loss.  SNC d/b/a STM paid Best Buy the actual value of

1   the cargo loss, $56,980.00, and in consideration for payment, Best Buy issued a full assignment
2   of its interest in the cargo loss claim to SNC and STM.  (Compl. ¶¶ 17-20.)  SNC d/b/a STM now
3   seeks to recover the actual value of the cargo loss, $56,980.00.  (*Id.* ¶ 23.)

4   SNC d/b/a SMC, as assignee and subrogee of Best Buy Warehousing Logistics Inc., and
5   SNC, in its individual capacity, (collectively "Plaintiffs") initiated this action on March 4, 2025.
6   SNC d/b/a STM asserts a claim for violation of the Carmack Amendment and SNC asserts three
7   claims for breach of contract.  (*Id.* ¶¶ 24-68.)  Plaintiffs served Baldev through its agent for
8   service, Jeffrey D. Nadal, by substituted service and by first class mail on March 12, 2025.  (Doc.
9   4.)

10  Baldev did not respond to the complaint, and on April 16, 2025, Plaintiffs filed a request
11  for entry of default.  (Doc. 6.)  On the same day, the Clerk of the Court entered default against
12  Baldev.  (Doc. 7.)

13  On July 7, 2025, SNC filed the instant motion for default judgment pursuant to Federal
14  Rule of Civil Procedure 55(b)(2).  (Doc. 11.)  SNC requests default judgment in the principal
15  amount of $56,980.00, in addition to pre- and post-judgment interest.  (*Id.*)

16  **II.   LEGAL STANDARD FOR DEFAULT JUDGMENT**

17  Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for
18  a default judgment against a defendant that has failed to plead or otherwise defend against the
19  action.  Fed. R. Civ. P. 55(b)(2).  "Upon default, the well-pleaded allegations of a complaint
20  relating to liability are taken as true."  *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,*
21  *Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-
22  18 (9th Cir. 1987).

23  Factors which may be considered by courts in exercising discretion as to the entry of a
24  default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of
25  plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in
26  the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was
27  due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil
28  Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

### III. DISCUSSION

#### A. Service of Process

In deciding whether to grant or deny a default judgment, a court must assess the adequacy of the service of process on the party against whom default is requested. *See*, *e.g.*, *Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912, at *1 (E.D. Cal. Dec. 15, 2010).

Rule 4 sets forth the requirements for serving a corporation, partnership, or association within a judicial district of the United States. Pursuant to Rule 4(h), a domestic corporation, or a partnership or other unincorporated association that is subject to suit under a common name, may be served by following state law for service of a summons on an individual or by delivering a copy of the summons and complaint to an officer or agent and by a mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).

In California, a corporation may be served by delivery to the person designated as an agent for service of process. Cal. Civ. Proc. Code § 416.10. As a substitute to personal delivery of a copy of the summons and complaint, service may be made on a corporation by leaving a copy of the summons and the complaint during usual office hours in the office of the corporation's agent for service of process or usual mailing address. Cal. Code Civ. Proc. §§ 415.20(a), 416.10. Specifically, section 415.20 provides:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 . . ., a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it

shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. Proc. § 415.20(a).

According to the California Secretary of State, Baldev designated Heaven Dhawan, Chief Executive, Chief Financial Officer, and Secretary, as its agent for service of process. (Doc. 11-2, Ex. A to Declaration of Moreen K Mekha ("Mekha Decl.").) The Federal Motor Carrier Safety Administration Safety and Fitness Electronic Records System lists Baldev's BOC-3 blanket agent for service of court papers as DOTPROCESSAGENTS.COM LLC ("blanket agent") and the blanket agent's California agent for service is Jeffrey D. Nadel, located at 16000 Ventura Blvd. Suite 908, Encino, California 91436. (Ex. B to Mekha Decl.) Plaintiffs served Jeffrey D. Nadel by substituted service at the Encino address on March 12, 2025, by leaving a copy with the receptionist, John Rodriguez, and by mailing a copy of the relevant documents by first-class mail to the Encino address on March 12, 2025. (Ex. C Mekha Decl.). The Court therefore finds that Plaintiffs properly served Baldev pursuant to Rule 4(h).

## B. The *Eitel* Factors Weigh in Favor of Default Judgment

SNC argues that the *Eitel* factors support a default judgment in its favor on its cause of action for liability under the Carmack Agreement. (Doc. 11-1 at 7-8.) The Court therefore limits its evaluation to only this claim. For the reasons discussed below, the Court finds that the *Eitel* factors weigh in favor of granting default judgment.

### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). SNC contends that if a default judgment is not entered, then it is left without further recourse for recovery. (Doc. 11-1 at 8.) The Court agrees that SNC would be prejudiced if default judgment were not granted. Default has been entered against Baldev and SNC has no other means to recover against Baldev. This factor weighs in favor of default judgment.

2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). SNC seeks default judgment on its cause of action for liability under the Carmack Agreement.

"To establish a prima facie case of liability under the Carmack Amendment, a plaintiff must show (1) good condition of the shipment at the point of origin; (2) a loss or damaged condition at the destination; and (3) the amount of its damages." *FNS, Inc. v. Max Trans Logistics of Chattanooga, LLC*, No. 2:24-cv-01458-MCS-E, 2025 WL 2374820, at *3 (C.D. Cal. July 11, 2025) (citing *Mo. Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, (1964)).

The complaint alleges that the shipment of 311 packages of Ninja Woodfire Electric Outdoor Grills was in good order and condition when Baldev received it, the shipment was delivered with a shortage of 200 cartons constituting actual loss to the cargo, and the value of the cargo loss was $56,980.00. (Compl. ¶¶ 14-21, 29-35.)

The Court finds that the complaint sufficiently states a claim for liability under the Carmack Amendment, which weighs in favor of default judgment.

3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. Plaintiffs claim $56,980.00 plus interest. (Compl. ¶¶ 23, 38.) Pursuant to the affidavit of damages submitted with the motion, the value of the cargo loss was $56,980.00. (Ex. E to Mekha Decl., Affidavit of Damages, Ex. G.) The Court finds the amount at stake is not large and it is proportional to the loss caused by Baldev. This factor therefore weighs in favor of default judgment.

4. The Possibility of a Dispute Concerning Material Facts

The facts of this case are straightforward, and SNC has provided the Court with well-pled allegations and a declaration with exhibits in support. The Court may assume the truth of well-

6

1 pled facts in the complaint following the Clerk's entry of default and, thus, there is no likelihood
2 that any genuine issue of material fact exists. Baldev's failure to file an answer in this case or a
3 response to the instant motion further supports the conclusion that the possibility of a dispute as
4 to material facts is minimal. *See*, *e.g.*, *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388,
5 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after
6 the court clerk enters default judgment, there is no likelihood that any genuine issue of material
7 fact exists."). This factor therefore weighs in favor of default judgment.

       5. <u>Whether the Default Was Due to Excusable Neglect</u>

The sixth *Eitel* factor considers the possibility that Baldev's default resulted from excusable neglect. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Courts have found that where defendants were "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Upon review of the record, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

Plaintiffs properly served Baldev with the summons and complaint. (Docs. 6, 7.) Moreover, Plaintiffs served Baldev with a copy of the request for entry of default to its agent for service of process, Jeffrey D. Nadel, and SNC served Baldev with the motion for default judgment and the declarations and exhibits in support of the motion for default judgment on its Chief Executive, Chief Financial Officer, Secretary, and agent for service of process, Heaven Dhawan. (Doc. 6 at 3; Doc. 6-1 at 3; Doc. 11 at 3; Doc 11-1 at 11; Doc. 11-2 at 4.) Despite ample notice of this lawsuit and the intention to seek a default judgment, Baldev has not appeared to date. Thus, the record suggests that Baldev has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this factor weighs in favor of the entry of a default judgment.

       6. <u>The Strong Policy Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing

7

1  alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.
2  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.
3  Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy
4  favoring decisions on the merits, that policy is unavailable here because Baldev has not
5  responded.  Accordingly, the Court finds that this factor does not weigh against entry of default
6  judgment.
7        Upon consideration of the *Eitel* factors, the Court concludes that SNC is entitled to the
8  entry of default judgment against Baldev.
9      **IV.    REQUESTED RELIEF**
10        SNC seeks a sum of $56,980.00, along with pre-judgment interest at a rate of 7% from the
11  date of loss, March 9, 2023, through judgment, and post-judgment interest.  (Doc. 11-1 at 9.)
12      **A.  Damages**
13       "Under the Carmack Amendment, a shipper is allowed to recover the actual loss or injury
14  to the property caused by the carrier."  *See Angelo v. Nation Relocation, Inc.*, No. 22-cv-04507-
15  KAW, 2023 WL 8686901, at *6 (N.D. Cal. Oct. 20, 2023) (citations omitted).
16        SNC seeks the sum of $56,980.00, which reflects the value of the lost cargo.  In support,
17  SNC has submitted the shipment tender, original bill of lading, manipulated bill of lading, Best
18  Buy invoice, proof of payment to Best Buy, and assignment of the cargo claim to SNC.  (Ex. E to
19  Mekha Decl., Affidavit of Damages, Exs. B, D, E, G, I, and J.)  The Court finds that SNC has
20  provided sufficient evidence to support the amount of damages requested, and it will recommend
21  that SNC be awarded damages in the amount of $56,980.00.
22      **B.  Prejudgment Interest**
23        SNC seeks prejudgment interest of $9,299.45, which is apparently based upon a 7%
24  interest rate under state law.  According to SNC, prejudgment interest accrued from March 9,
25  2023, the date Baldev failed to deliver the 200 cartons, to July 7, 2025 (the date counsel signed
26  the declaration).  (Mekha Decl. ¶ 16.)
27        "The Court has discretion to grant or deny prejudgment interest for a Carmack
28  Amendment claim."  *Certain Underwriters at Lloyd's v. Torres*, No. 2:23-cv-02826-CBM-MARx,

2024 WL 2334500, at *4 n.2 (C.D. Cal. Apr. 11, 2024) (quoting *Sunteck Transp. Co., LLC v. Domestic Carrier, Inc.*, No. 2:21-cv-07396-MCS-RAO, 2022 WL 17348190, at *5 (C.D. Cal Sept. 19, 2022)). "Awards of pre-judgment interest are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole." *Purcell v. United States*, 1 F.3d 932, 943 (9th Cir. 1993) (internal quotation and citation omitted); *see also USA Glob. Logistics, LLC v. Melnych Transp. LLC*, No. CV 23-10740-MWF (AJRx), 2024 WL 3086686, at *5 (C.D. Cal. May 20, 2024).

Although SNC suggests that the Court should award pre-judgment interest against Baldev at a rate prescribed by state law, citing *Children's Hosp. and Medical Center v. Bonta*, 97 Cal. App. 4th 740, 775 (2002), it offers no reason for doing so other than because the Agreement does not include a contractual rate of interest. (Doc. 11-1 at 9.) Without more to support this rate, the Court in its discretion will recommend an award of prejudgment interest at the rate set by 28 U.S.C. § 1961. *See USA Glob. Logistics*, 2024 WL 3086686, at *5 (noting plaintiffs were correct to rely on § 1961(a) for prejudgment interest for Carmack Amendment claim); *Sunteck Trans. Co.*, 2022 WL 17348190, at *5 (exercising discretion to award prejudgment interest at rate set by 28 U.S.C. § 1961 on Carmack Amendment claim in lieu of state law rate); *see also Saavedra v. Korean Air Lines Co., Ltd.*, 93 F.3d 547, 555 (9th Cir. 1996) (noting that although § 1961(a) "governs post-judgment interest ... [the Ninth Circuit has] previously used § 1961(a) as a yardstick for prejudgment interest.").

### C. Post-judgment Interest

"Interest shall be allowed on any money judgment on a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Under the provisions of 28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). SNC is entitled to post-judgment interest in this matter at the rate prescribed by 28 U.S.C. § 1961(a).

## V. CONCLUSION AND RECOMMENDATION

For the reasons stated, IT IS HEREBY RECOMMENDED as follows:

1. SNC's motion for default judgment, (Doc. 11), be granted.

2. Default judgment be entered against Defendant Baldev Transport Inc. in the amount of $56,980.00, plus prejudgment interest from the date of loss until the date judgment is entered and post-judgment interest both in accordance with 28 U.S.C § 1961(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 3, 2025**          /s/ *Barbara A. McAuliffe*          
                                                      UNITED STATES MAGISTRATE JUDGE