**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC. d/b/a SCHNEIDER TRANSPORTATION MANAGEMENT, as assignee and subrogee of Best Buy Warehousing Logistics Inc. and SCHNEIDER NATIONAL CARRIERS, INC., in its individual capacity,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BALDEV TRANSPORT INC.,<br><br>　　　　　　Defendant. | Case No. 1:25-cv-0277 KES FRS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION FOR DEFAULT JUDGMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>Docs. 11, 15 |

Schneider National Carriers, Inc., d/b/a Schneider Transportation Management, and Schneider National Carriers, Inc., in its individual capacity (collectively, "SNC") filed a complaint against defendant Baldev Transport Inc. liable for violating the Carmack Amendment and breach of contract. *See generally* Doc. 1. After Baldev failed to answer, the court entered default. Doc. 7. SNC now seeks default judgment against Baldev on its claim for liability under the Carmack Agreement. Doc. 11.

The magistrate judge determined that SNC complied with the service requirements of Rule 4 of the Federal Rules of Civil Procedure. Doc. 14 at 4-5. Examining the sufficiency of the complaint, the magistrate judge found SNC alleged sufficient facts to state a claim under the Carmack Agreement against Defendants and submitted evidence of damages. *Id.* at 6, 8. The

1

magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weighed in favor of default judgment and recommended that the court grant the motion, with damages awarded in the amount of $56,980.00, plus pre-judgment and post-judgment interest at the rates prescribed by 28 U.S.C. § 1961(a). *Id*. at 6-10.

The court served the findings and recommendations on SNC, which served the document on Baldev and filed proof of service. Doc. 16. The court notified the parties that any objections were due within 14 days of the date of service. Doc. 15 at 10. The court also advised the parties that the failure to file objections within the identified time may result in the waiver of rights on appeal. *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). No objections were filed, and the deadline for doing so has passed.

In accordance with 28 U.S.C. § 636(b)(1), the court performed a de novo review of the case. Having carefully reviewed the file, the court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the court **ORDERS**:

1.   The findings and recommendations issued on November 3, 2025 (Doc. 15) are **ADOPTED** in full.

2.   The motion for default judgment (Doc. 11) is **GRANTED**.

3.   Judgment **SHALL** be entered in favor of plaintiff Schneider National Carriers, Inc. and against defendant Baldev Transport Inc in the amount of $56,980.00 in damages, plus prejudgment interest from March 9, 2023 until the entry of judgment at the rate set by 28 U.S.C. § 1961(a), and also post-judgment interest at the rate prescribed by § 1961(a).

4.   The Clerk of Court is directed to assign a magistrate judge for purposes of closing this case, and to close this case.

IT IS SO ORDERED.

Dated:   February 20, 2026     _____

UNITED STATES DISTRICT JUDGE

2